**UNITED STATES of America,**
**Appellee,**

v.

**Zeewe D. IMPALA, Defendant–**
**Appellant.**

**Docket No. 99–1391.**

United States Court of Appeals,
Second Circuit.

June 14, 2002.

Zeewe D. Impala, pro se, Minersville, PA, for Appellant.

Keith A. King, Assistant United States Attorney; John A. Danaher, III, United States Attorney, of counsel, New Haven, CT, for Appellee.

Present MINER, CABRANES and POOLER, Circuit Judges.

*SUMMARY ORDER*

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Zeewe Impala * *pro se, in forma pau-*

---

* Impala changed his name from David Gethers, the name appearing on earlier filings and decisions in this matter.

*peris,* appeals from the final judgment of conviction entered on July 9, 1998, and sentence entered June 30, 1999, following a bench trial in which the District Court found Impala guilty of robbing a bank, in violation of 18 U.S.C. § 2113(a), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The United States has moved for summary affirmance of Impala's conviction and sentence.

Impala argues on appeal various matters including that he is the victim of a racial conspiracy including, among others, Jews, Irish Catholics, Anglo–Saxon Protestants, and Puerto Ricans. We liberally construe Impala's arguments to raise the following claims: ineffective assistance of counsel; error by the District Court in admitting evidence seized during Impala's arrest and certain of Impala's post-arrest statements; and abuse of discretion by the District Court in departing horizontally from the recommended criminal history category contained in the Bureau of Prison's Presentencing Report.

To establish a claim of constitutionally ineffective assistance of counsel, a defen-dant must show that, but for the alleged deficiency, "the likely outcome of the proceeding would have been different." *United States v. Best,* 219 F.3d 192, 201 (2d Cir.2000). Impala's claim fails because none of the deficiencies that he alleges, or that we liberally construe him to have alleged, likely would have altered his conviction on the bank robbery and felony-in-possession charges.

On each of the other claims, we AFFIRM for substantially the reasons stated by the District Court. *See United States v. Gethers,* No. 97CR118, Slip Op. (D.Conn. July 9, 1998) (Motion to Suppress); *United States v. Gethers,* No. 97CR62, Slip Op. (D.Conn. July 9, 1998) (conviction on bank robbery charge); *United States v. Gethers,* No. 97CR118, Slip Op. (D.Conn. July 9, 1998) (conviction on felon-in-possession charge).