

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2007

# Mpala v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1442

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mpala v. Smith" (2007). *2007 Decisions.* Paper 748.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/748

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-265                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1442
_____

ZEEWE DAKAR MPALA,
                                              Appellant

v.

JOSEPH SMITH, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00841)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Due to Untimeliness or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2007

Before:  BARRY, AMBRO and FISHER, <u>Circuit Judges</u>.

(Filed: July 17, 2007)
_____

OPINION
_____

PER CURIAM

        Appellant, Zeewe Dakar Mpala, appeals the order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241, and its subsequent order denying his motion

seeking reconsideration pursuant to Fed. R. Civ. P. 59(e). In response to this Court's listing of the appeal for possible summary action, appellee responded with a motion seeking to have the District Court's judgment summarily affirmed. Mpala opposes that request. Because we conclude that Mpala's appeal presents no substantial question, we will summarily affirm.

Because the parties are familiar with the underlying facts, we only recount those necessary to disposition of this appeal. In July 1998, Mpala[1] was convicted of bank robbery and unlawful possession of a firearm by a convicted felon following a bench trial in the United States District Court for the District of Connecticut. Mpala unsuccessfully sought pre-sentencing relief through the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for relief under 28 U.S.C. § 2255. In June 1999, Mpala was sentenced to concurrent sentences of 137 months for the bank robbery conviction and 120 months for the firearm conviction, to be followed by three years of supervised release. The Second Circuit Court of Appeals affirmed the judgment of the District Court on June 14, 2002, United States v. Impala, 36 Fed. Appx. 476 (2nd Cir. 2002), and the Supreme Court denied Mpala's petition for writ of certiorari on January 27, 2003. Impala v. United States, 537 U.S. 1177 (2003). Mpala's current projected release date with application of his good time credits is February 29, 2008.

In April of 2006, Mpala, who is currently incarcerated at the United States

---

[1]It appears that appellant is also known as David Gethers, Zeewe Dakar Impala and Zizwe Dakar Impala.

2

Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Mpala asserted the following claims: (1) his 1999 concurrent sentences have been miscalculated; (2) he is being denied access to the courts and legal aides; (3) the Second Circuit Court of Appeals lacked jurisdiction to decide his appeal; and (4) the remedy of 28 U.S.C. § 2255 is inadequate and ineffective to challenge his convictions and sentences because the limitations period has expired.

The District Court dismissed Mpala's petition in an Order entered on May 25, 2006. In the Memorandum Opinion accompanying that Order, the District Court determined that, to the extent Mpala was challenging his District of Connecticut convictions and resulting concurrent sentences, appellant's claims were the type that should be brought in a § 2255 motion filed with the sentencing court. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). The court concluded that Mpala failed to show how a § 2255 motion was inadequate or ineffective to test the legality of his detention – especially since appellant could have raised those claims on direct appeal or in a § 2255 motion. The District Court noted that § 2255 was not rendered inadequate to test the legality of his detention simply because Mpala may now be barred from filing a § 2255 motion by the one year limitations period. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

With respect to his denial of access to the courts claims, the District Court concluded that they were not properly pursued in a § 2241 petition as Mpala did not assert

3

those claims in an effort to seek release from custody or a decrease in the sentence imposed.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).  Rather, those claims challenge Mpala's conditions of confinement and are properly brought in a civil rights action.[2]  As such, the District Court determined that they were subject to dismissal without prejudice on that basis.  Moreover, the court concluded that Mpala's denial of access claims were subject to dismissal in any event because of his failure to exhaust administrative remedies, as was his claim of sentence miscalculation.  The record clearly demonstrates that Mpala failed to follow the Bureau of Prisons' multi-tier system of review for either of these claims.  See United States v. Wilson, 503 U.S. 329 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).  Accordingly, the District Court dismissed Mpala's § 2241 petition.  The District Court likewise denied Mpala's motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e).  This appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Initially, we find that Mpala has filed a timely notice of appeal.  As previously stated, the District Court dismissed Mpala's § 2241 petition in an Order entered on May 25, 2006.  Mpala had ten (10) days to file a timely motion for reconsideration.  Excluding Saturdays, Sundays and the Memorial Day holiday, Mpala's motion for reconsideration – which contained a

---

[2]More specifically, given Mpala's status as a federal inmate, such claims would be pursued in an action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

4

certificate of service date of June 5, 2006, and a postmark date of June 8, 2006 – was timely. See Fed. R. Civ. P. 6(a); see also Smith v. Evans, 853 F.2d 155, 161-62 (3d Cir. 1988) (concluding that a motion for reconsideration is deemed filed when prisoner delivers it to prison authorities). Therefore, the sixty-day period for Mpala to appeal began to run following entry of the District Court's Order dismissing his Rule 59(e) motion on January 16, 2007. See Fed. R. App. P. 4(a)(4)(A). Mpala's notice of appeal, filed on February 12, 2007, was thus timely.

Our review of the District Court's decision to dismiss Mpala's § 2241 petition is de novo, see United States v. Cleary, 46 F.3d 307, 309-310 (3d Cir.1995), and we review the District Court's order denying his motion filed under Rule 59(e) for an abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Having carefully reviewed the record and the parties' submissions, we will grant appellee's motion and summarily affirm the District Court's judgment because it clearly appears that no substantial question is presented by this appeal. We would simply state that, with respect to Mpala's "actual innocence" claim, the District Court committed no abuse of discretion in concluding that such claim should have been asserted in the initial petition and not as a basis for a reconsideration motion. Additionally, it appears to us that this claim is merely a disguised challenge to the sufficiency of the evidence presented at trial, and certainly not one of the grounds warranting reconsideration. See Max's Seafood Café, 176 F.3d at 677. Because there is little else that we could add to the reasoning set forth in the District Court's Memorandum Opinion and Orders, further written discussion

is not warranted.

The District Court's judgment is summarily affirmed.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.